| | |
|---|---|
| 1 | Eric H. Lamm, Esq., Cal. Bar No. 324153 |
| 2 | ericlamm@dwt.com |
|   | DAVIS WRIGHT TREMAINE LLP |
| 3 | 865 South Figueroa Street, 24th Floor |
|   | Los Angeles, California 90017-2566 |
| 4 | Tel: (213) 633-6800 |
|   | Fax: (213) 633-6899 |
| 5 | |
|   | Attorney for Defendant |
| 6 | NEW LINE PRODUCTIONS, INC. |

Eric H. Lamm, Esq., Cal. Bar No. 324153
ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorney for Defendant
NEW LINE PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GEORGE M CHURCHILL (formerly Mark Kanter), KATHERINE KANTER (Deceased), | Case No. 2:24-cv-02030 |
| Plaintiffs, | **DEFENDANT NEW LINE PRODUCTIONS, INC.'S NOTICE OF REMOVAL** |
| v. | [From the Superior Court of California, County of Los Angeles, No. 23SMCV04486] |
| WARNER BROS, NEW LINE CINEMA, PLAN B ENTERTAINMENT, JENNIFER ANISTON & BRAD PITT, THE WRITERS NETWORK COMPETITION (TWN), SARAH KELLY, UNITED STATES CONGRESS, U.S. COPYRIGHT OFFICE, SHIRA PERLMUTTER, THE WRITERS GUILD OF AMERICA UNION (WGA), and FADE IN ONLINE MAGAZINE INC., | Compl. Filed: September 26, 2023 |
| | Action Removed: March 13, 2024 |
| Defendants. | |

1 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2      **PLEASE TAKE NOTICE** that defendant New Line Productions, Inc. ("New
3 Line"), erroneously sued as New Line Cinema, hereby removes this action from the
4 Superior Court of the State of California for the County of Los Angeles to the United
5 States District Court for the Central District of California, Western Division. Removal
6 of this action pursuant to 28 U.S.C. §§ 1338, 1367, 1441, and 1446 is proper based on
7 federal question jurisdiction because plaintiffs assert a claim for copyright
8 infringement, which is subject to the exclusive jurisdiction of the federal courts, *see*
9 28 U.S.C. § 1338(a), and this Court has supplemental jurisdiction over plaintiffs'
10 related state law claims.

11 **1.**     **The State Court Action**

12      1.    On or about September 26, 2023, *pro se* plaintiff George M. Churchill
13 (formerly Mark Kanter) commenced this action, apparently on behalf of himself and
14 his deceased mother, Katherine Kanter (together, "Plaintiffs"), against New Line and
15 defendants Warner Bros, Plan B Entertainment, Jennifer Aniston, Brad Pitt, The
16 Writers Network Competition (TWN), Sarah Kelly, United States Congress, U.S.
17 Copyright Office, Shira Perlmutter, the Writers Guild of America Union (WGA), and
18 Fade In Online Magazine Inc., in the Superior Court of the State of California in and
19 for the County of Los Angeles, Case No. 23SMCV04486 ("State Court Action"). All
20 pleadings, processes, and orders served upon or received by New Line in the State
21 Court Action, or found on the docket in that action, are attached hereto as follows:

22      a. The Complaint is attached hereto as **Exhibit 1**;
23      b. the Summons is attached hereto as **Exhibit 2**;
24      c. the Civil Case Cover Sheet is attached hereto as **Exhibit 3**;
25      d. the Notice of Case Assignment is attached hereto as **Exhibit 4**;
26      e. the Notice of Case Management Conference is attached hereto as **Exhibit**
27         **5**;
28      f. the Order on Court Fee Waiver is attached hereto as **Exhibit 6**; and

    g. a printout of the docket in the State Court Action as of the date of this filing is attached hereto as **Exhibit 7**.

  2. According to the Complaint, Plaintiffs are the creators of a copyrighted screenplay titled "Century Ever After."  Plaintiffs allege that in 2009, they submitted their screenplay to "the TWN competition," and that the film *The Time Traveler's Wife*, which was released in the Summer of 2009, shares a "key component" with their screenplay.  Ex. 1 at 1-2.  Specifically, both works allegedly feature "a couple repeatedly separated in time by an anomaly that would add an element of a repeating ticking clock to keep the story exciting as it progressed."  Ex. 1 at 2.  However, the Wikipedia article for *The Time Traveler's Wife*, which is attached to Plaintiffs' Complaint, indicates that the film is based on a preexisting book released in 2003 and that filming had already commenced, and the film was scheduled to be released, well before Plaintiffs allegedly submitted their screenplay to the TWN Competition.  Ex. 1 at 5, 11.  Plaintiffs further allege that Mr. Churchill attended the release of *The Time Traveler's Wife* and was disappointed that it did not feature more of his writing.  *Id.* at 2.  Plaintiffs seek $217.8 million in damages. *Id.* at 2-3.

  3. Plaintiffs assert a purported claim for copyright infringement.  *See* Ex. 1 at 1[1]; Ex. 3 at 3 (identifying type of action as "copyright infringement"); *see also*, *e.g.*, *Campbell v. Walt Disney Co.*, 718 F. Supp. 2d 1108, 1111-12 (N.D. Cal. 2010) (copyright infringement claim involving alleged similarities between screenplay and film).  However, as New Line will demonstrate in a forthcoming motion to dismiss, Plaintiffs' claim fails as a matter of law.  For example, the alleged similarity between the screenplay and the film is a general plot idea and not copyrightable expression, Plaintiffs fail to allege that they possess a valid copyright registration for their screenplay, and Plaintiffs cannot show that defendants had access to the screenplay.

---

[1] Plaintiffs raise the "Copyright, Designs, and Patents Act 1988 law," but that appears to be a United Kingdom law.  For the U.S. Copyright Act, *see* 17 U.S.C. §§ 101, *et seq.*

4. Plaintiffs also appear to assert a claim for violation of moral rights, citing "USC moral rights sections 77 to 80." Ex. 1 at 1. But those statutes do not exist and the Copyright Act does not grant moral rights to authors of literary works like the screenplay here.

5. Finally, Plaintiffs appear to assert a claim for breach of contract, citing "California Civil Code Contract law 1549 1427, 1428." *Id.* But Plaintiffs have failed to sufficiently plead the elements of a breach of contract claim, including, for example, the existence of an express or implied contract with any defendant. And in any event, a contract claim arising out of the alleged use of Plaintiffs' screenplay in a film released fifteen years ago is barred by the applicable statute of limitations.

**2.** **The Court Has Jurisdiction Over This Action**

6. A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

7. As discussed above, Plaintiffs assert a claim for copyright infringement. The federal district courts have original and exclusive jurisdiction over copyright infringement claims. 28 U.S.C. § 1338 (providing that the "district courts shall have original jurisdiction," and "[n]o State court shall have jurisdiction," over "any civil action arising under any Act of Congress relating to … copyrights"). This Court has original jurisdiction over this action and removal is therefore proper.

8. To the extent Plaintiffs also assert a state law contract claim, the Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a), which provides: "in any civil action of which the district courts have original jurisdiction, [the district courts] shall have supplemental jurisdiction over all other claims that ... form part of the same case or controversy." *See also International Coll. of Surgeons*, 522 U.S. at 165 (Section 1367 "applies with equal force to cases removed to federal

1  court as to cases initially filed there"). Plaintiffs' contract and copyright claims form
2  part of the same case or controversy because they "arise[] out of a common nucleus
3  of operative fact." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d
4  1174, 1180 (9th Cir. 2004). Indeed, the factual allegations supporting Plaintiffs'
5  claims are identical: Plaintiffs allegedly submitted their screenplay to the TWN
6  Competition and *The Time Traveler's Wife* bears a similarity to their screenplay. *See*
7  *generally* Ex. 1. Furthermore, adjudicating Plaintiffs' claims together "will promote
8  judicial economy and overall convenience of the parties and avoid piecemeal
9  litigation." *Corelogic Solutions, LLC v. Credifi Corp.*, No. 8:20-cv-01676-FLA
10 (DFMx), 2021 WL 1156860 at *5 (C.D. Cal. Jan. 29, 2021). Removal of Plaintiffs'
11 state law claim is accordingly proper as well.

12 **3.     This Notice of Removal Is Timely Filed**

13        9.     28 U.S.C. § 1446(b)(1) provides, in relevant part, that a notice of a
14 removal "shall be filed within 30 days after the receipt by the defendant, through
15 service or otherwise, of a copy of the initial pleading setting forth the claim for relief
16 upon which such action or proceeding is based[.]"

17        10.    On February 15, 2024, New Line received an envelope containing a copy
18 of the Complaint, summons, and various other documents. The envelope was sent via
19 certified mail to New Line's address in Burbank, California.

20        11.    Plaintiffs' mailing does not constitute effective service of process on
21 New Line. For example, the "notice to the person served" section of the summons
22 was not completed, and the summons does not otherwise identify which defendant
23 was being served or the capacity in which they were being served. *See* Ex. 2; Cal.
24 Civ. Proc. Code § 412.30. Furthermore, before mailing the envelope, Plaintiffs did
25 not leave a copy of the summons and complaint at New Line's address during business
26 hours and with the person apparently in charge. Cal. Civ. Proc. Code § 415.20(a).
27 Plaintiffs' mailing also did not contain a request to acknowledge receipt thereof and a
28

1  return envelope. *See id.* § 415.30. Plaintiffs also did not mail the envelope to any of the persons who may be served on behalf of New Line. *See id.* § 416.10(a)-(b).

12. Regardless, out of an abundance of caution, New Line has timely filed this Notice within 30 days of receipt of Plaintiffs' complaint.

### 4. New Line Has Satisfied All Remaining Procedural Requirements

13. The United States District Court for the Central District of California embraces the California Superior Court, County of Los Angeles, where Plaintiffs filed the State Court Action, and the Western Division is the proper division for the matter. 28 U.S.C. § 84(c)(2).

14. 28 U.S.C. § 1446(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, the consent of the other defendants is unnecessary because they do not appear to have been "properly joined and served." As of the date of this filing, Plaintiffs have not filed any proofs of service in the State Court Action. *See* Ex. 7; *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1088 (E.D. Cal. 2007) (defendants not required to obtain consent of the remaining defendants where defendants "exercised such reasonable diligence by checking the … Superior Court docket to ascertain whether or not other named defendants had been served prior to filing their notice of removal"). Additionally, the undersigned counsel attempted to contact Mr. Churchill via the telephone number and email address listed on the pleadings on March 8 and March 11, 2024, to ask whether he has attempted service on any defendant other than New Line. The undersigned counsel has received no response as of the time of this filing.

15. Concurrently with the filing of this notice, New Line is giving written notice to Plaintiffs, and is filing a copy of this Notice with the Clerk of the Superior Court for the State of California in and for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

**5. Reservation of Rights and Request for Briefing if the Propriety of Removal Is in Question**

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of New Line's right to assert any defense or affirmative matter including, but not limited to, failure to state a claim and insufficient process and service of process, or any other procedural or substantive defense available.

Dated: March 13, 2024

_____
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorney for Defendant
NEW LINE PRODUCTIONS, INC.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine, LLP, 24th Floor, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 13, 2024, I served the following document(s):

**DEFENDANT NEW LINE PRODUCTIONS, INC.'S NOTICE OF REMOVAL AND EXHIBITS 1 THROUGH 7**

by placing a **true and correct copy** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

George M. Churchill
Hot Script Studios
1014 Broadway Ave 585
Santa Monica, CA 90401

☒ (VIA U.S. MAIL) - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on March 13, 2024, at Portland, Oregon.

Samantha Ho
Print Name                                           Signature