Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorney for Defendant
NEW LINE PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GEORGE M CHURCHILL (formerly Mark Kanter), KATHERINE KANTER, (Deceased),<br><br>                    Plaintiffs,<br><br>    v.<br><br>WARNER BROS, NEW LINE CINEMA, PLAN B ENTERTAINMENT, JENNIFER ANISTON, BRAD PITT, THE WRITERS NETWORK COMPETITION (TWN), SARAH KELLY, UNITED STATES CONGRESS, U.S. COPYRIGHT OFFICE, SHIRA PERLMUTTER, THE WRITERS GUILD OF AMERICA UNION (WGA), and FADE IN ONLINE MAGAZINE INC.,<br><br>                    Defendants. | Case No. 2:24-cv-02030 HDV (PDx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEW LINE PRODUCTIONS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Date:    May 9, 2024<br>Time:    10:00 a.m.<br><br>Courtroom of the Honorable Hernán D. Vera<br>United States District Judge |

# **TABLE OF CONTENTS**

**Page**

1.    INTRODUCTION ..................................................................................... 1

2.    SUMMARY OF ALLEGATIONS ............................................................ 2

    (a)    In 2009, Plaintiffs Submit Their Screenplay to the TWN Competition ...................................................................................... 2

    (b)    *The Time Traveler's Wife*, Based on a 2003 Novel, Was Filmed Before, and Released Shortly After, Plaintiffs' Alleged Submission ..................................................................................... 2

    (c)    Mr. Churchill Saw the Release of *The Time Traveler's Wife* and Was Disappointed That It Did Not Feature His Writing ...................... 3

    (d)    Plaintiffs Commence This Action ......................................................... 3

3.    THE STANDARDS GOVERNING THIS MOTION TO DISMISS .............. 4

4.    PLAINTIFFS' COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE .................................................... 5

    (a)    Plaintiffs Fail to Allege a Valid Copyright Registration ........................ 5

    (b)    Plaintiffs Have Not and Cannot Plead the Elements of a Copyright Infringement Claim .............................................................. 6

        (1)    *The Time Traveler's Wife* Did Not Unlawfully Appropriate Plaintiffs' Screenplay .......................................... 7

            (i)    Substantial Similarity in Protected Expression Can Be, and Often Is, Decided on a Motion to Dismiss ........... 7

            (ii)    Plaintiffs Allege Copying Only of an Unprotectable Idea for a Story ............................................................. 8

        (2)    *The Time Traveler's Wife* Did Not Copy Plaintiffs' Screenplay ...................................................................... 10

            (i)    Plaintiffs Fail To Allege Any Nonspeculative Chain of Events Establishing Access ......................................... 10

            (ii)    Plaintiffs' Own Pleadings Show That *The Time Traveler's Wife* Did Not Copy Their Screenplay ............. 12

    (c)    Plaintiffs Are Barred From Recovering Any Damages for Alleged Acts of Infringement Prior to Three Years from Suit ........................... 13

i

5.     PLAINTIFFS HAVE NO CLAIM FOR VIOLATION OF MORAL RIGHTS ......................................................................................... 13

6.     PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED WITH PREJUDICE.......................................................... 14

     (1)     Plaintiffs Have Not Alleged an Express Contract ..................... 14

     (2)     Plaintiffs Have Failed to State a Claim for Breach of Implied Contract........................................................................ 15

     (3)     Plaintiffs' Contract Claim Is Time-Barred ................................ 17

7.     KATHERINE KANTER CANNOT BE A PLAINTIFF BECAUSE SHE IS DECEASED ................................................................................... 18

8.     CONCLUSION...................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
    842 F. Supp. 2d 1216 (C.D. Cal. 2012) .................................................................. 5

*American Ass'n of Naturopathic Phys. v. Hayhurst*,
    227 F.3d 1104 (9th Cir. 2000) ................................................................................. 5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 4

*Benay v. Warner Bros. Entmt., Inc.*,
    607 F.3d 620 (9th Cir. 2010) ................................................................. 10, 16, 17

*Berkic v. Crichton*,
    761 F.2d 1289 (9th Cir. 1985) ............................................................................ 8, 9

*Bernal v. Paradigm Talent & Literary Agency*,
    788 F. Supp. 2d 1043 (C.D. Cal. 2010) ............................................................. 9, 14

*Brookfield Prop. Grp., LLC v. Liberty Mutual Fire Ins. Co.*,
    -- F. Supp. 3d --, 2023 WL 4339368 (C.D. Cal. June 27, 2023) ......................... 15

*Carlini v. Paramount Pictures Corp.*,
    No. 2:19-cv-08306-SB-RAP, 2021 WL 911684 (C.D. Cal. Feb. 2, 2021) ......... 11

*Cavalier v. Random House, Inc.*,
    297 F.3d 815 (9th Cir. 2002) ............................................................................. 7, 9

*In re Century Aluminum Co. Securities Litig.*,
    729 F.3d 1104 (9th Cir. 2013) ............................................................................... 5

*Daniels v. Walt Disney Co.*,
    958 F.3d 767 (9th Cir. 2020) ......................................................................... 16, 17

*Daniels v. Walt Disney Co.*,
    No. 17-4527PSG(SK), 2018 WL 4849700 (C.D. Cal. Jan. 31, 2018) ................. 16

*Daniels-Hall v. Nat'l Educ. Ass'n*,
    629 F.3d 992 (9th Cir. 2010) ................................................................................. 5

*Desny v. Wilder*,
46 Cal. 2d 715 (1956) .......................................................................... 15

*Esplanade Prods. v. Walt Disney Co.*,
No. CV17-02185-MWF(JCx), 2017 WL 5635024
(C.D. Cal. July 11, 2017) ........................................................................ 8

*Evans v. McCoy-Harris*,
No. CV 17-8345-DMG(AGRx), 2019 WL 4284504
(C.D. Cal. May 9, 2019) .......................................................................... 8

*Evans v. NBCUniversal Media, LLC*,
No. CV21-0984-CBM-PD(x), 2021 WL 4513624
(C.D. Cal. July 23, 2021) .................................................................. 8, 11

*Fahmy v. Jay-Z*,
908 F.3d 383 (9th Cir. 2018) ............................................................... 14

*Faris v. Enberg*,
97 Cal. App. 3d 309 (1979) ................................................................. 16

*Feist Publ'ns. Inc. v. Rural Telephone Serv. Co.*,
499 U.S. 340 (1991) ................................................................................ 7

*Fisher v. Nissel*,
No. CV21-5839-CBM-(KSx), 2023 WL 3034826
(C.D. Cal. Jan. 20, 2023) ................................................................. 8, 10

*Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) ......................................................................... 5, 6

*Funky Films, Inc. v. Time Warner Entmt. Co., L.P.*,
462 F.3d 1072 (9th Cir. 2006) ...................................................... 8, 9, 10

*Garcia v. Google, Inc.*,
786 F.3d 733 (9th Cir. 2015) ............................................................... 14

*Henry v. Associated Indem. Corp.*,
217 Cal. App. 3d 1405 (1990) ............................................................. 15

*Ileto v. Glock Inc.*,
349 F.3d 1191 (9th Cir. 2003) ............................................................... 4

iv

*Kent v. Century Manor Trust Ltd.*,
  No. 2:19-cv-01277-MCE-AC(PS), 2019 WL 5596481
  (E.D. Cal. Oct. 30, 2019) ................................................................................. 5

*Klauber Bros., Inc. v. City Chic Collective Ltd.*,
  No. 22-1743-MWF, 2022 WL 17184799
  (C.D. Cal. Aug. 26, 2022) ............................................................................... 12

*LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*,
  957 F.3d 943 (9th Cir. 2020) .......................................................................... 18

*Loomis v. Cornish*,
  836 F.3d 991 (9th Cir. 2016) .......................................................................... 11

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
  922 F.3d 946 (9th Cir. 2019) ............................................................................ 5

*Mann v. Columbia Pictures, Inc.*,
  128 Cal. App. 3d 628 (1982) .......................................................................... 16

*Masterson v. Walt Disney Co.*,
  821 Fed. Appx. 779 (9th Cir. 2020) .................................................................. 8

*NBC Universal Media, LLC v. Superior Ct.*,
  225 Cal. App. 4th 1222 (2014) ....................................................................... 17

*North Cty. Comms. Corp. v. Verizon Global Networks, Inc.*,
  685 F. Supp. 2d 1112 (S.D. Cal. 2010) .......................................................... 15

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
  971 F.3d 1042 (9th Cir. 2020) ........................................................................ 13

*Pena v. Gardner*,
  976 F.2d 469 (9th Cir. 1992) ............................................................................ 5

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014) ........................................................................................ 13

*Ram's Gate Winery, LLC v. Roche*,
  235 Cal. App. 4th 1071 (2015) ....................................................................... 17

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018) ...................................................................... 6, 7

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ................................................................. 6, 7, 11

*Spinner v. American Broadc. Cos., Inc.*,
   215 Cal. App. 4th 172 (2013) .................................................................... 17

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..................................................................... 12

*Straughter v. Concord Music*,
   No. ED CV 19-1360-JFW(SHKx), 2019 WL 8161166
   (C.D. Cal. Nov. 26, 2019) ............................................................................ 6

*Thompson v. California Brewing Co.*,
   191 Cal. App. 2d 506 (1961) ...................................................................... 17

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ...................................................................... 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 4, 5

*U.S. v. Richie*,
   342 F.3d 903 (9th Cir. 2003) ........................................................................ 4

*Wall St. Network, Ltd. v. New York Times Co.*,
   164 Cal. App. 4th 1171 (2008) ................................................................... 15

*Wild v. NBC Universal, Inc.*,
   No. CV 10–03615GAF(AJWx), 2011 WL 13272427 (C.D. Cal.
   June 28, 2011) .......................................................................................... 10

**Statutes**

17 U.S.C.
   § 102(a)(1)................................................................................................. 14
   § 102(b) ...................................................................................................... 8
   § 106A(a) .................................................................................................. 14
   § 411(a) .................................................................................................... 5, 6
   § 507(b) ..................................................................................................... 13

California Civil Code
   § 1427 ...................................................................................................... 3, 14
   § 1428 ...................................................................................................... 3, 14
   § 1549 ...................................................................................................... 3, 14

California Code of Civil Procedure
    § 337(a) .................................................................................................. 18
    § 339 ...................................................................................................... 17

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................ 4

**Other Authorities**

3 Nimmer on Copyright § 8D.01 (2023) .................................................. 14

4 Nimmer on Copyright § 13.02[B] (2005) ............................................. 12

4 Nimmer on Copyright § 13.02 (2023) .................................................. 12

## 1.    **INTRODUCTION**

In this action, pro se plaintiff George Churchill, on behalf of himself and his deceased mother Katherine Kanter (together, "Plaintiffs"), seeks $217.8 million on the alleged grounds that his screenplay and the 2009 film *The Time Traveler's Wife* both feature the generic concepts of a "a couple," a time anomaly, and a "repeated ticking clock."  While their Complaint does not identify any particular claims for relief, Plaintiffs appear to assert claims for copyright infringement, violation of moral rights, and breach of contract.  All fail as a matter of law.

Plaintiffs have no viable claim for copyright infringement for a number of independent reasons.  First, Plaintiffs have failed to allege a valid copyright registration for their screenplay.  Second, the alleged similarities between the two works are general story ideas, not specific expression protectable by copyright.  Third, Plaintiffs have not and cannot plausibly allege that *The Time Traveler's Wife* actually copies their screenplay: Mr. Churchill alleges that he submitted his screenplay to "the TWN Competition" in 2009, but there is no alleged connection whatsoever between the TWN Competition and any of the defendants associated with *The Time Traveler's Wife*.  Indeed, according to an online article attached to the Complaint, *The Time Traveler's Wife* is based on a preexisting novel, and the film was nearly ready for release long before Plaintiffs' alleged submission to the TWN Competition.  Finally, *The Time Traveler's Wife* was released in 2009, but the statute of limitations for copyright claims is three years.

Plaintiffs likewise have no viable claim for violation of moral rights because U.S. law grants no moral rights to authors of screenplays.  And Plaintiffs' breach of contract claim fails because they allege no express contract with any defendant, and they fail to plausibly allege an implied contract for the use of their idea or that any defendant actually used their idea.  In any event, the statute of limitations on Plaintiffs' purported contract claim expired nearly thirteen years ago.

Plaintiffs' Complaint should accordingly be dismissed with prejudice.

1

2.    **SUMMARY OF ALLEGATIONS**

    **(a)    In 2009, Plaintiffs Submit Their Screenplay to the TWN Competition**

    Mr. Churchill appears to allege that he and his deceased mother wrote a screenplay titled "Century Ever After" (the "Screenplay"), which the Complaint describes as a "low budget, time travel romance." Compl., Doc. 1-1 at 3[1]; *see also id.* (referring to "the work he did with his late mother"). In 2009, Mr. Churchill submitted his Screenplay to "the TWN Competition," but he does not detail how the "TWN Competition" is at all related to any defendant associated with *The Time Traveler's Wife*. *See id*. Plaintiffs allege that in the summer of 2009, TWN "told Mr. [Churchill] he would hear back around Christmas time." *Id.* Mr. Churchill also allegedly received a notice from defendant "Sarah B Kelly[,] TWN's representative." *Id.* at 4.

    **(b)    *The Time Traveler's Wife*, Based on a 2003 Novel, Was Filmed Before, and Released Shortly After, Plaintiffs' Alleged Submission**

    According to the Complaint, *The Time Traveler's Wife* is a feature film released "just at the end of summer 2009." Compl., Doc. 1-1 at 3. Plaintiffs allege that it features "a couple repeatedly separated in time by an anomaly that would add an element of a repeating ticking clock to keep the story exciting as it progressed," which is also a "key component" of the Screenplay. *Id.*

    The Complaint attaches and incorporates by reference a Wikipedia article for *The Time Traveler's Wife* which explains that the film is based on a novel of the same name that was published in 2003. *Id.* at 4, 6, 12. According to the Wikipedia article, the screenplay for *The Time Traveler's Wife* was written between 2003 and 2007, filming began in September 2007, and the film was originally planned for release in fall 2008. *Id.* at 12. However, due to delays in reshooting certain scenes, the film was not released until August 14, 2009. *Id.*

---

[1]    Because the Complaint lacks internal page numbers, references to page numbers in the Complaint are to the page numbers on the ECF filing stamp.

**(c)** **Mr. Churchill Saw the Release of *The Time Traveler's Wife* and Was Disappointed That It Did Not Feature His Writing**

When *The Time Traveler's Wife* was released, Mr. Churchill allegedly "went to see the release and was disappointed." Compl., Doc. 1-1 at 3. Mr. Churchill believed that "if [the film] had more of his original writing it would have been more exciting, and better if they took more time to shoot it." *Id*. Mr. Churchill also claims to have received a letter "distracting him and applauding him before the release." *Id.*

The Complaint includes various other seemingly irrelevant allegations, including that Mr. Churchill met people in Santa Monica who claim that their families' screenplays have been infringed, that Mr. Churchill found a set of keys in New Jersey with a Hollywood star and the name Jennifer on them, and that Mr. Churchill received an email from the Copyright Office. *Id.* The Complaint also incorporates by reference various books describing compensation paid to screenwriters. *Id.* at 3-4.

**(d)** **Plaintiffs Commence This Action**

On September 26, 2023, Mr. Churchill commenced this action in the Los Angeles Superior Court. While the Complaint does not identify any claims in particular, Plaintiffs allege the "theft of plaintiff's copyrighted … [S]creenplay" and appear to assert three claims for relief: copyright infringement, violation of moral rights, and breach of contract. *See* Compl., Doc. 1-1 at 2 (citing "Copyright , Designs, and Patents Act 1988 law USC moral rights sections 77 to 80, And Cal. Civil Code Contract Law 1549 1427,1428")[2]; Superior Court Civil Cover Sheet, Doc. 1-3 at 4 (identifying type of action as "copyright infringement"). Plaintiffs seek $7.2 million as "minimum compensation" and a "punishment award" of "between … $105.3 million and $210.6 [m]illion…." Compl., Doc. 1-1 at 3-4.

---

[2] The Copyright, Designs, and Patents Act 1988 appears to be a United Kingdom law. For the U.S. Copyright Act, *see* 17 U.S.C. §§ 101, *et seq.*

Plaintiffs name as defendants in this action the TWN Competition and its alleged representative Sarah B Kelly, as well as Plan B Entertainment, New Line Cinema, and Warner Bros, whom the Wikipedia article identifies as the producers and distributor of *The Time Traveler's Wife*. *See id.* at 8, 12. Plaintiffs have also sued Congress, the Copyright Office, Shira Perlmutter, the Writers Guild of America Union (WGA), and Fade In Online Magazine, Inc., but the Complaint offers no hint as to why these parties are named defendants.

Moving defendant New Line Productions, Inc. ("New Line"), erroneously sued as New Line Cinema, timely removed this action on March 13, 2024. *See* Notice of Removal, Doc. 1 at 5-6. Plaintiffs have not filed proofs of service in this action, and no other defendants appear to have been served.

## 3.    THE STANDARDS GOVERNING THIS MOTION TO DISMISS

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of the claims asserted in the complaint[.]" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 556).

In ruling on a motion to dismiss, the Court may "consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Richie*, 342 F.3d 903, 908 (9th Cir. 2003). Moreover, the Court is "not … required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or

4

unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

While pro se complaints are construed liberally, "[a] pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Phys. v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). The Court's "liberal interpretation of a [pro se] … complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (reversing denial of motion to dismiss where court supplied essential facts not alleged in pleadings); *Kent v. Century Manor Trust Ltd.*, No. 2:19-cv-01277-MCE-AC(PS), 2019 WL 5596481 at *2 (E.D. Cal. Oct. 30, 2019).

Also, allegations "equally consistent with non-culpable behavior" do not plausibly state a claim for relief. *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F. Supp. 2d 1216, 1226 (C.D. Cal. 2012) (citing *Twombly*, 550 U.S. at 557). "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true … in order to render plaintiffs' allegations plausible" and survive a motion to dismiss. *In re Century Aluminum Co. Securities Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citation omitted).

**4. <u>PLAINTIFFS' COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED WITH PREJUDICE</u>**

**(a) <u>Plaintiffs Fail to Allege a Valid Copyright Registration</u>**

As an initial matter, Plaintiffs have failed to allege a valid copyright registration for their Screenplay, which is a prerequisite to bringing a copyright infringement suit. 17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888-89 (2019); *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) ("To plead ownership, Malibu must plausibly allege it owns a valid copyright registration for its work.").

Plaintiffs neither allege a registration number for the Screenplay nor attach a registration to their Complaint. *See* Compl., Doc. 1-1; *Straughter v. Concord Music*,

1   No. ED CV 19-1360-JFW(SHKx), 2019 WL 8161166 at *2 (C.D. Cal. Nov. 26, 2019)

2   (dismissing claim where plaintiff failed to allege registration numbers or attach valid

3   registration certificates for their copyrighted work). Plaintiffs do vaguely allege that

4   "[a]fter waiting 2 weeks for the copyright office to respond to Mr. [Churchill's]

5   request to receive a copy of the deposit copy of his registered screenplay, only after 9

6   minutes from lawyering up via email did he receive a response from the copyright

7   office." Compl., Doc. 1-1 at 3. But Plaintiffs do not say what the Copyright Office's

8   response was, and their allegation does not establish that the Copyright Office *granted*

9   a registration for the Screenplay. *See Fourth Estate*, 139 S. Ct. at 888 (holding that

10  "registration," as used in Section 411(a), occurs not when a registration application is

11  submitted but "only when the Copyright Office grants registration"). Moreover, a

12  search of records on the Copyright Office's online database reveals no registrations

13  for a work titled "Century Ever After," or any registrations for works authored by the

14  Plaintiffs. *See* Def's Request for Judicial Notice at 2; Declaration of Eric Lamm

15  ¶¶ 2-5, Exs. A-D.

16      Plaintiffs have therefore failed to allege a valid copyright registration and for

17  that reason alone, their infringement claim must be dismissed.

18      **(b)    Plaintiffs Have Not and Cannot Plead the Elements of a Copyright**

19          **Infringement Claim**

20      To state a claim for copyright infringement, a plaintiff must plausibly allege (1)

21  ownership of a valid copyright in the copyrighted work; and (2) "that [the defendant]

22  copied protected aspects of … expression" in the copyrighted work. *Rentmeester v.*

23  *Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018), *overruled on other grounds by*

24  *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020). The second prong has two

25  components: (a) "copying," as a factual matter, and (b) "unlawful appropriation."

26  *Skidmore*, 952 F.3d at 1064.

27      Proof that the defendant copied the plaintiff's work is necessary because

28  "independent creation is a complete defense to copyright infringement[.]" *Id.* Proof

of unlawful appropriation, on the other hand, "is necessary because copyright law does not forbid all copying." *Rentmeester*, 883 F.3d at 1117; *see also Feist Publ'ns. Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 361 (1991) ("The mere fact that a work is copyrighted does not mean that every element of the work may be protected."). "The hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Skidmore*, 952 F.3d at 1064, 1069 (overruling cases applying the "inverse ratio rule" and finding that access "in no way can prove substantial similarity").

Because Plaintiffs' own allegations show that they cannot meet either the unlawful appropriation or the factual copying elements, their infringement claim fails.

> **(1)    *The Time Traveler's Wife* Did Not Unlawfully Appropriate Plaintiffs' Screenplay**
>
> **(i)    Substantial Similarity in Protected Expression Can Be, and Often Is, Decided on a Motion to Dismiss**

To prove unlawful appropriation in the Ninth Circuit, a plaintiff must meet both an extrinsic test and an intrinsic test, but only the extrinsic test is "relevant … on a motion to dismiss." *Rentmeester*, 883 F.3d at 1118; *Skidmore*, 952 F.3d at 1064. Under the extrinsic test, the court "assesses the objective similarities of the two works, focusing only on the protectable elements of the plaintiff's expression." *Rentmeester*, 883 F.3d at 1118. "A court must filter out and disregard the non-protectible elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). "[O]nly substantial similarity in protectable expression may constitute actionable copying that results in infringement liability[.]" *Skidmore*, 952 F.3d at 1064.

On a motion to dismiss, plaintiffs bear the burden of plausibly alleging substantial similarity in protectable expression. *See Rentmeester*, 883 F.3d at 1121 (holding plaintiff failed to plausibly allege that defendant's photograph was substantially similar to plaintiff's photograph); *see also Masterson v. Walt Disney Co.*, 821 Fed. Appx. 779, 780 n.1 (9th Cir. 2020) (collecting cases dismissing claims

involving literary works for lack of substantial similarity at the pleading stage and affirming dismissal of claim involving book and movie).

Because Plaintiffs here have not attached a copy of the Screenplay to their Complaint so as to permit a comparison by the Court or New Line's counsel, the allegations in their Complaint must be sufficient to satisfy the extrinsic test. *See, e.g.*, *Fisher v. Nissel*, No. CV21-5839-CBM-(KSx), 2023 WL 3034826 at *5-*6 (C.D. Cal. Jan. 20, 2023) (holding six alleged similarities in two television series were insufficient to establish substantial similarity and dismissing complaint with prejudice); *Evans v. NBCUniversal Media, LLC*, No. CV21-0984-CBM-PD(x), 2021 WL 4513624 at *5 (C.D. Cal. July 23, 2021) (granting motion to dismiss where plaintiff failed to allege substantial similarity between screenplay and film); *Esplanade Prods. v. Walt Disney Co.*, No. CV17-02185-MWF(JCx), 2017 WL 5635024 at *1 (C.D. Cal. July 11, 2017) (similar); *Evans v. McCoy-Harris*, No. CV 17-8345-DMG(AGRx), 2019 WL 4284504 at *3-*6 (C.D. Cal. May 9, 2019) (dismissing pro se complaint with prejudice where plaintiff alleged only unprotectable similarities).  They are not.

### (ii)    Plaintiffs Allege Copying Only of an Unprotectable Idea for a Story

Plaintiffs cannot satisfy the extrinsic test because the alleged similarity between the Screenplay and *The Time Traveler's Wife* is far too general to be protectable expression in a literary work.

It is fundamental that copyright protection does not extend to ideas, 17 U.S.C. § 102(b), and that "[n]o one can own the basic idea for a story."  *Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985); *Funky Films, Inc. v. Time Warner Entmt. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (copyright law does not protect "the basic plot idea for stories"), *overruled on other grounds by Skidmore*, 952 F.3d 1051; *Cavalier*, 297 F.3d at 824 ("basic plot ideas … are not protected by copyright law"). Moreover, under the doctrine of *scenes a faire*, "all situations and incidents which

flow naturally from a basic plot premise" are also unprotectable. *Berkic*, 761 F.2d at 1293; *see also Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1059-60 (C.D. Cal. 2010).

Instead, "[p]rotectable expression includes the specific details of an author's rendering of ideas." *Funky Films*, 462 F.3d at 1077. For that reason, the extrinsic test "compares, not the basic plot ideas for stories, but the actual concrete elements that make up the total sequence of events and the relationships between the major characters." *Berkic*, 761 F.2d at 1293; *see also Cavalier*, 297 F.3d at 822 (extrinsic test focuses on specific expressive elements in "the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works").

Here, Plaintiffs' sole alleged similarity—that both works feature "a couple repeatedly separated in time by an anomaly that would add an element of a repeating ticking clock to keep the story exciting as it progressed" (Compl., Doc. 1-1 at 3)—is not a protectable plot element, but a basic idea for a story. Indeed, courts have regularly held plot similarities to be unprotectable even when they are more particularized than what Plaintiffs allege here, for example:

- "a child, invited by a moon-type character, who takes a journey through the night sky and returns safely to bed to fall asleep," *Cavalier*, 297 F.3d at 824;

- "criminal organizations that murder healthy young people, then remove and sell their vital organs to wealthy people in need of organ transplants" and "a young professional who courageously investigates, and finally exposes, the criminal organization," *Berkic*, 761 F.2d at 1293;

- "[a] family-run funeral home, the father's death, and the return of the 'prodigal son' who assists his brother in maintaining the family business," *Funky Films*, 462 F.3d at 1081;

- "an American war veteran [who] travels to Japan in the 1870s to train the Imperial Army in modern Western warfare … to combat a samurai

uprising," *Benay v. Warner Bros. Entmt., Inc.*, 607 F.3d 620, 625 (9th Cir. 2010), *overruled on other grounds by Skidmore*, 952 F.3d 1051; and

- "young character[s] who receive[] a prophecy that changes their lives and develop 'special abilities' that lead to their being sought out by [a] carnival years later," *Wild v. NBC Universal, Inc.*, No. CV 10–03615GAF(AJWx), 2011 WL 13272427 at \*11 (C.D. Cal. June 28, 2011) (granting motion to dismiss), *aff'd* 513 Fed. Appx. 640 (9th Cir. 2013).

Furthermore, there are no alleged similarities in "the specific details of" the Screenplay's and *The Time Traveler's Wife*'s renderings of the general plot idea. *Funky Films*, 462 F.3d at 1077. Plaintiffs allege no similarities in the characters that make up the couple, no similarities in the alleged time anomaly, and no similarities in the particular use of a clock, for example. In fact, Mr. Churchill admits he was "disappointed" that the film did not feature his original writing. *See* Compl., Doc. 1-1 at 3.

Because Plaintiffs have alleged no protectable similarities, their infringement claim must be dismissed on this independent ground. *See, e.g.*, *Fisher*, 2023 WL 3034826 at \*5-\*6 (C.D. Cal. Jan. 20, 2023) (granting motion to dismiss with prejudice and finding six alleged similarities did not constitute the protectable expression in a screenplay).

> **(2)**    ***The Time Traveler's Wife* Did Not Copy Plaintiffs' Screenplay**
>
> **(i)**    **Plaintiffs Fail To Allege Any Nonspeculative Chain of Events Establishing Access**

As explained above, to state a claim for copyright infringement, Plaintiffs must also sufficiently allege that the defendants in fact copied Plaintiffs' Screenplay. *See* above at 6-7. In the absence of direct evidence of copying, which Plaintiffs here have not alleged, an inference of copying may be raised by showing that (1) defendants had "access" to the Screenplay, and (2) the works "share similarities probative of copying" rather than "coincidence, independent creation, or prior common source." *Skidmore*,

952 F.3d at 1064.

To demonstrate access at the pleading stage, a plaintiff must sufficiently allege "a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016). Access may be shown "either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Id*. But in either case, it "may not be inferred though mere speculation or conjecture." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

Here, Plaintiffs do not allege that their screenplay has been widely disseminated. As for a chain of events theory, they allege that Mr. Churchill submitted the Screenplay to "the TWN competition," and that defendant Sarah B Kelly is "TWN's representative." Compl., Doc. 1-1 at 3, 4. But the chain stops there. There is no connection whatsoever between these defendants and *The Time Traveler's Wife*. Nor is there any alleged connection between the TWN competition and Sarah B Kelly, on the one hand, and anyone who created or worked on *The Time Traveler's Wife*, or any of the other defendants, on the other hand. *See Evans*, 2021 WL 4513624 at *4-*5 (granting motion to dismiss where plaintiff failed to allege that certain defendants received plaintiff's screenplay or were related to the parties that received plaintiff's screenplay); *Carlini v. Paramount Pictures Corp.*, No. 2:19-cv-08306-SB-RAP, 2021 WL 911684 at *7 (C.D. Cal. Feb. 2, 2021) (allegation that plaintiff submitted screenplay to individual who appeared in one of defendant's films ten years prior was too attenuated to establish access). Plaintiffs have therefore failed to allege any nonspeculative access that could support an inference of copying.[3]

---

[3]    In the absence of access, a plaintiff may establish factual copying only by demonstrating that the works are *strikingly similar*, a "high bar" that, "at base … means that, in human experience, it is virtually impossible that the two works could have been independently created." *Klauber Bros., Inc. v. City Chic Collective Ltd.*,

1       **(ii)**    **Plaintiffs' Own Pleadings Show That** *The Time*

2       *Traveler's Wife* **Did Not Copy Their Screenplay**

3       Plaintiffs also cannot establish factual copying because their pleadings show

4 that *The Time Traveler's Wife* was created *before* Plaintiffs' alleged submission of

5 their Screenplay. Specifically, the Wikipedia article attached to the Complaint

6 explains that *The Time Traveler's Wife* was based on a book published in 2003, that

7 the screenplay for the film was written between 2003 and 2007, filming began in

8 September 2007, and the film was originally scheduled for release in Fall 2008—all

9 of which predates Plaintiffs' submission of their Screenplay to TWN in 2009. *See*

10 Compl., Doc. 1-1 at 12. While the film's release was delayed until August 2009, the

11 article states that the delay was due to weather and actor unavailability. *Id.*

12       Plaintiffs offer no explanation as to how *The Time Traveler's Wife* could have

13 copied its general plot premise from Plaintiffs' Screenplay when the film was written

14 years prior to Plaintiffs' submission and based on a preexisting novel. *See*, *e.g.*, 4

15 Nimmer on Copyright § 13.02 (2023) ("Of course, when plaintiff's dissemination

16 occurs only after defendant's work has already been created, then access is not

17 established."); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th

18 Cir. 2001) (explaining that "a plaintiff can … plead himself out of a claim by including

19 unnecessary details contrary to his claims" and holding that factual allegations in

20 arbitration award attached to complaint foreclosed plaintiff's claim).

21       Plaintiffs therefore cannot show factual copying, and on this additional and

22 independent ground, their copyright infringement claim must be dismissed as a matter

23 of law.

24

25

---

26 No. 22-1743-MWF (MRWx), 2022 WL 17184799 at *6 (C.D. Cal. Aug. 26, 2022),

27 quoting 4 Nimmer on Copyright § 13.02[B] (2005). However, Plaintiffs have not
alleged striking similarity, and the single alleged similarity in a general plot element

28 is not close to sufficient to meet this standard even if they had.

(c)    **Plaintiffs Are Barred From Recovering Any Damages for Alleged Acts of Infringement Prior to Three Years from Suit**

Finally, Plaintiffs' copyright infringement claim is barred in part by the statute of limitations.  Under Section 507(b) of the Copyright Act, a copyright infringement claim must be "commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  An infringement claim accrues "when a party discovers, or reasonably should have discovered, the alleged infringement."  *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020).  Under the separate accrual rule applicable to copyright infringement claims, a separate limitations period accrues for each alleged wrong, *e.g.*, each distribution or reproduction of an allegedly infringing work.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671-72 (2014).  Thus, a plaintiff may gain relief "only three years back from the time of suit" and "[n]o recovery may be had for infringement in earlier years."  *Id.* at 677.

Here, Plaintiffs admit that Mr. Churchill "attended the release" of *The Time Traveler's Wife* in 2009 and was thus aware of the alleged infringement by that time.  Compl., Doc. 1-1 at 3.  Accordingly, even if Plaintiffs had stated a copyright infringement claim (which they have not), that claim would be timely only as to acts that occurred within three years of filing suit.  However, Plaintiffs have not alleged *any* acts within the last three years.  The Complaint is accordingly deficient and should be dismissed for this reason as well.

## 5.    PLAINTIFFS HAVE NO CLAIM FOR VIOLATION OF MORAL RIGHTS

Plaintiffs appear to allege a claim for violation of moral rights because they cite "USC moral rights sections 77 to 80."  Compl., Doc. 1-1 at 2.  But there are no such United States Code sections and Plaintiffs have no moral rights under U.S. law.

Moral rights are certain personal rights of authors separate from economic copyright rights, and are recognized in some foreign jurisdictions.  *See generally* 3 Nimmer on Copyright § 8D.01 (2023).  The U.S. Copyright Act, however, grants only

narrow moral rights to authors of "certain 'work[s] of visual art.'" *Fahmy v. Jay-Z*, 908 F.3d 383, 390 (9th Cir. 2018); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) ("Except for a limited universe of works of visual art ... United States copyright law generally does not recognize moral rights."); *see* 17 U.S.C. § 106A(a).  The Screenplay at issue here is a literary work, not a work of visual art.  *See* 17 U.S.C. § 102(a)(1); *Bernal*, 788 F. Supp. 2d at 1059.  Plaintiffs therefore have no claim for violation of moral rights.

### 6.    PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED WITH PREJUDICE

Plaintiffs also apparently allege a claim for breach of contract because they cite various sections of the California Civil Code pertaining to contracts.  *See* Compl, Doc. 1-1 at 1 (citing Cal. Civ. Code § 1549 ("A contract is an agreement to do or not to do a certain thing."); *id.* § 1427 ("An obligation is a legal duty, by which a person is bound to do or not to do a certain thing."); *id.* § 1428 ("An obligation arises from … [t]he contract of the parties[,] or … [t]he operation of law.")).  However, Plaintiffs fail to plead the elements of an express or implied contract claim, and any such claim would be time-barred.

### (1)    Plaintiffs Have Not Alleged an Express Contract

The elements of a claim for breach of an express contract are "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damages to plaintiff therefrom."  *Wall St. Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).  To satisfy the first element, a plaintiff must plead "the contract either 'by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by its reference, or by its legal effect.'"  *North Cty. Comms. Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010).

Furthermore, because a "non-party, or nonsignatory, to a contract is [generally] not liable for a breach of that contract," the plaintiff must plead the existence of a

14

contract as to each defendant.  *Brookfield Prop. Grp., LLC v. Liberty Mutual Fire Ins. Co.*, -- F. Supp. 3d --, 2023 WL 4339368 at *8 (C.D. Cal. June 27, 2023) (dismissing claim where plaintiffs failed to allege that defendant was a contract party or in privity with a contract party); *Henry v. Associated Indem. Corp.*, 217 Cal. App. 3d 1405, 1416-17 (1990) (similar).

Here, Plaintiffs do not allege that any express contract exists between Plaintiffs, on the one hand, and New Line or any other particular defendant, on the other.  Nor do they plead that Plaintiffs fully performed under any such contract, or the particular terms of the contract that any defendant allegedly breached.  Plaintiffs have accordingly failed to allege a claim for breach of express contract.

### (2)    Plaintiffs Have Failed to State a Claim for Breach of Implied Contract

To state a claim for breach of implied contract involving the conveyance or submission of an idea for use in a creative work,[4] Plaintiffs must allege that "(1) they submitted the [idea] for sale to [d]efendants; (2) they conditioned the use of the [idea] on payment; (3) [d]efendants knew or should have known of the condition; (4) [d]efendants voluntarily accepted the [idea]; (5) [d]efendants actually used the [idea]; and (6) the [idea] had value." *Benay*, 607 F.3d at 629; *see also Daniels v. Walt Disney Co.*, 958 F.3d 767, 774 (9th Cir. 2020) (stating alternative formulation of test and affirming dismissal of implied contract claim at the pleading stage).

Plaintiffs cannot meet this test for at least the following reasons:

First, Plaintiffs allege no facts suggesting that their Screenplay submission to TWN was conditioned upon payment for the use of an idea therein, or that any defendant knew or should have known of that condition.  Plaintiffs allege merely that Mr. Churchill submitted the Screenplay to the TWN Competition, that TWN told him

---

[4]    These claims are also known as idea submission claims or *Desny* claims, after the California Supreme Court decision in *Desny v. Wilder*, 46 Cal. 2d 715 (1956).

"he would hear back," and that he received "a letter distracting him and applauding him[.]" Compl., Doc. 1-1 at 3. But that is not enough because "[t]he law will not imply a promise to pay for an idea from the mere facts that the idea has been conveyed, is valuable, and has been used for profit; this is true even though the conveyance has been made with the hope or expectation that some obligation will ensue." *Faris v. Enberg*, 97 Cal. App. 3d 309, 318 (1979); *Daniels v. Walt Disney Co.*, No. 17-4527PSG(SK), 2018 WL 4849700 at *3 (C.D. Cal. Jan. 31, 2018) (same), *aff'd* 958 F.3d 767.

Second, Plaintiffs submitted their Screenplay to TWN *only* and they allege no connection between TWN and any other defendant. Thus, even if their submission could support an implied contract claim against TWN—and it cannot—Plaintiffs have no basis to assert a claim against New Line or any other defendant. *See, e.g.*, *Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628, 644 (1982) (plaintiff's submission of screenplay to Columbia Pictures could not establish implied contract with individual screenwriters; the "obligation exists, if at all, only between [plaintiff] and Columbia").

Third, Plaintiffs have failed to plausibly allege that the creators of *The Time Traveler's Wife* actually used the idea in Plaintiffs' Screenplay to create the film. "The framework for proving use in an idea submission claim is parallel to the framework for showing copying in a copyright claim," including the elements of access and probative similarity. *Spinner v. American Broadc. Cos., Inc.*, 215 Cal. App. 4th 172, 186 (2013). As discussed above, Plaintiffs have not and cannot plausibly allege the factual copying element of their copyright claim, and for the same reasons, they cannot establish the actual use element of an implied contract claim. *See* above at 10-13.

Finally, the Complaint has no allegations concerning the reasonable value of the idea or suggesting that any defendant accepted the Screenplay "knowing … the reasonable value of the work." *Daniels*, 958 F.3d at 774.

Plaintiffs have therefore failed to allege a claim for breach of implied contract.

### **(3)    Plaintiffs' Contract Claim Is Time-Barred**

Finally, Plaintiffs' contract claim must be dismissed with prejudice because their allegations show that the limitations period expired years ago.  Because Plaintiffs do not allege the existence of a written contract, their contract claim is subject to a two year limitations period.  Cal. Civ. Proc. Code § 339; *Benay*, 607 F.3d at 633.  A breach of contract claim accrues "at the time of the breach…." *Ram's Gate Winery, LLC v. Roche*, 235 Cal. App. 4th 1071, 1083 (2015).  Thus, the accrual date for *Desny* claims is generally "the date on which the [defendant's] work is released to the general public," because "in the absence of any reason to hold otherwise, only a use that 'disclosed the idea to a substantial segment of the public' should be regarded as the kind of use requiring payment." *Benay*, 607 F.3d at 633; *NBC Universal Media, LLC v. Superior Ct.*, 225 Cal. App. 4th 1222, 1231 (2014) (idea submission claim accrued when television show was released).  In some circumstances, however, the limitations period can accrue even earlier. *See, e.g.*, *Thompson v. California Brewing Co.*, 191 Cal. App. 2d 506, 509 (1961) (claim accrued when advertisement featuring plaintiff's idea was disclosed in test release; test release was "still shown to substantial segment of the public in two metropolitan centers").

Accordingly, Plaintiffs' claim accrued, at the very latest, in August 2009 when *The Time Traveler's Wife* was released to the public.  Compl., Doc. 1-1 at 3, 6; *Benay*, 607 F.3d at 633.  Plaintiffs' claim therefore expired in August 2011, more than twelve years ago.

Plaintiffs allege that in July 2012, Mr. Churchill "became disabled on a federal level and had severe hardships since then."  Compl., Doc. 1-1 at 3.  While it is unfortunate that Mr. Churchill suffered these hardships, they cannot permit Mr. Churchill to avoid the effect of the statute of limitations because they began nearly one year after the statute of limitations expired.  Plaintiffs' contract claim must

therefore be dismissed with prejudice.[5]

## 7. <u>KATHERINE KANTER CANNOT BE A PLAINTIFF BECAUSE SHE IS DECEASED</u>

Finally, plaintiff Katherine Kanter cannot pursue any claims in this action because she is deceased.  "A deceased plaintiff lacks Article III standing" as well as capacity to sue.  *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 952, 953 (9th Cir. 2020).  Accordingly, even if the Court were to grant Mr. Churchill leave to amend—which the Court should not—Katherine Kanter must be dismissed with prejudice.

## 8. <u>CONCLUSION</u>

Plaintiffs fail to plead essential elements of their claims, and moreover, they allege facts establishing that their claims cannot possibly prevail.  Even under the more liberal standards applied to pro se pleadings, their Complaint should be dismissed with prejudice.

Dated: March 20, 2024

*/s/ Eric H. Lamm*

Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorney for Defendant
NEW LINE PRODUCTIONS, INC.

---

[5]    The limitations period for actions on written contracts is four years.  Cal. Civ. Proc. Code § 337(a).  Accordingly, even if Plaintiffs had asserted a claim for breach of a written contract, the claim would have expired by August 2013.

18

1

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for defendant New Line Productions, Inc., certifies that this Memorandum contains 5,828 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 20, 2024

        */s/ Eric H. Lamm*
        Eric H. Lamm, Esq.

19

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine, LLP, 24th Floor, 865 South Figueroa Street, Los Angeles, California  90017-2566.

On March 20, 2024, I served the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEW LINE PRODUCTIONS, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

by placing a **true and correct copy** in a separate envelope for each addressee named below, with the name and address of the person served shown on the envelope as follows:

George M. Churchill

Hot Script Studios

1014 Broadway Ave 585

Santa Monica, CA 90401

☒ (VIA U.S. MAIL) - I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on March 20, 2024, at Portland, Oregon.

Samantha Ho
Print Name

Signature